**PAN–AM TRADE & CREDIT CORPORATION et al. v. THE CAMPFIRE et al.**

**No. 299, Docket 20223.**

Circuit Court of Appeals, Second Circuit.

July 12, 1946.

[3] Cf. Glover v. Compagnie Generale Transatlantique, 5 Cir., 103 F.2d 557, certiorari denied 308 U.S. 550, 60 S.Ct. 83, 84 L.Ed. 462.

Gay & Behrens, of New York City (Russell C. Gay and Edward J. Behrens, both of New York City, of counsel), for appellants other than United States.

John F. X. McGohey, U. S. Atty., of New York City (Arnold W. Knauth, of New York City, of counsel), for appellant United States.

Hill, Rivkins & Middleton, of New York City (Arthur O. Louis, Robert E. Hill, and Gregory S. Rivkins, all of New York City, of counsel), for appellees.

Kirlin, Campbell, Hickox & Keating, of New York City (L. de Grove Potter, of New York City, of counsel), for Fulton Shipoperators, P. & I. Service, Inc., amicus curiæ.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and F. Herbert Prem, both of New York City, of counsel), for American Institute of Marine Underwriters, amicus curiæ.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents the question whether the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., invalidates a bill of lading provision for pro-rating in case of the partial loss by the carrier of a package to which the statute ascribes a value of $500. We are told that it is a case of first impression.

The facts were stipulated. On July 8, 1943 Pan-Am Trade & Credit Corporation, one of the libellants, delivered to the respondents as common carriers a package of rayon goods to be carried from the port of New York to the port of Guayaquil, Ecuador. The package was consigned to the other libellant, Saman Hnos. The actual value of the package was $1,619.47 but, as the shipper did not declare the value, the carrier's liability in case of any loss of or damage to the goods was limited by the statute, 46 U.S.C.A. § 1304(5), to an amount not exceeding $500 per package. When discharged from the vessel the package was short nine pieces of rayon, having a value of $676.94 and representing 41.8% of the value of the shipment. The libellants concede that they can recover no more than $500 because of the statute; the respondents contend that their liability is only $209 (41.8% of $500) because of a pro-rating clause in the bill of lading.[1] The district court sustained exceptions to the pro-rata defense set up in the respondents' answer, and, pursuant to the stipulation, entered a final decree for the libellants in the amount of $500 with interest and costs. The respondents have appealed.

The appellants argue that section 4(5) of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1304(5), printed in the margin[2] states only a maximum recovery for

---

[1] "17. In case of any loss or damage to or in connection with goods exceeding in actual value $500 lawful money of the United States, per package, or in case of goods not shipped in packages, per customary freight unit, the value of the goods shall be deemed to be $500 per package or per unit, on which basis the freight is adjusted and the Carrier's liability, if any, shall be determined on the basis of a value of $500 per package or per customary freight unit, or pro rata in case of partial loss or damage, unless the nature of the goods and a valuation higher than $500 shall have been declared in writing by the shipper upon delivery to the Carrier and inserted in this bill of lading and extra freight paid if required and in such case if the actual value of the goods per package or per customary freight unit shall exceed such declared value, the value shall nevertheless be deemed to be the declared value and the Carrier's liability, if any, shall not exceed the declared value and any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

"Whenever the value of the goods is less than $500 per package or other freight unit, their value in the calculation and adjustment of claims for which the Carrier may be liable shall for the purpose of avoiding uncertainties and difficulties in fixing value, be deemed to be the invoice value, plus freight and insurance if paid, irrespective of whether any other value is greater or less."

[2] "(5) Neither the carrier nor the ship shall in any event be or become liable for

the loss of goods whose value the shipper has not declared, thus leaving the parties free to contract with respect to a lesser recovery; and that, although the carriers have persistently continued to incorporate the pro-rata clause in their bills of lading issued after enactment of the statute in 1936, no judicial decision, except the one at bar, has ever held the clause invalid. The point as to the carrier's practice and the absence of judicial authority, both here and in foreign countries whose legislation has adopted the Hague Rules, is well answered by the appellees' statement that the many suits for partial losses have all been settled by the carriers in order to avoid the test. They say that the appellants will not question this statement, and in fact they have not in their reply briefs. The argument that the statute prescribes only a maximum recovery is met by section 3(8), 46 U.S.C.A. § 1303(8), printed in the margin,[3] which invalidates any clause "lessening" the carrier's liability "otherwise than as provided in this chapter." Under section 4(5) the general rule for measuring the carrier's liability for "any" loss is the "amount of damage actually sustained," but not to exceed $500 per package unless the shipper has declared the value of the goods before shipment. We agree with the district judge that to give effect to the pro-rata clause would "lessen" the carrier's liability in a manner not authorized by any provision of "this chapter."

■ The appellants' argument that the shipper cheats the carrier out of an increased freight rate when he fails to declare the value of a package worth more than $500 is without merit. If the shipper is willing to bear the risk of loss above that sum, he is privileged to ship at the normal rate; he owed the carrier no duty to declare the value and pay a higher rate.

■ The briefs contain much learning concerning the history of the Hague Rules (1921) and the Brussels Convention (1924) from which stems the Carriage of Goods by Sea Act. The Hague Rules represented a compromise between hull and cargo interests. In a hearing before the United States Shipping Board in September 1922, several eminent members of the Admiralty Bar as representatives of the shipowners declared very definitely that the provision in the Hague Rules corresponding to section 4(5) of the present Act does away with pro-rating. The view was again expressed in 1925 before the Committee on Merchant Marine and Fisheries of the 68th Congress.[4] At a hearing before the same Committee of the 74th Congress in 1936, Mr. Haight stated that the shippers "get a tremendous advantage in raising the limit per package to $500,"[5] and that "it does mean a great deal"

---

any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

"By agreement between the carrier, master, or agent of the carrier, and the shipper another maximum amount than that mentioned in this paragraph may be fixed: Provided, That such maximum shall not be less than the figure above named. In no event shall the carrier be liable for more than the amount of damage actually sustained.

"Neither the carrier nor the ship shall be responsible in any event for loss or damage to or in connection with the transportation of the goods if the nature or value thereof has been knowingly and fraudulently misstated by the shipper in the bill of lading."

[3] "(8) Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this chapter or section 25 of Title 49, shall be null and void and of no effect. A benefit of insurance in favor of the carrier, or similar clause, shall be deemed to be a clause relieving the carrier from liability. Apr. 16, 1936, c. 229, § 3, 49 Stat. 1208."

[4] Bar Association of New York Pamphlet, Vol. 421, Pamphlet 7, pp. 4, 20.

[5] Ibid. p. 67.

to have the shipowner know "that he cannot limit his liability for less than $500."[6] So far as appears no one at any time of these hearings ever expressed a contrary opinion. With this historic background and bearing in mind that the purpose of the legislation was to accomplish "uniformity and agreement with many other nations as to the text of those clauses of ocean bills of lading with which the bill deals,"[7] we think the district court was correct in construing the Act to prohibit a carrier from limiting its liability for a partial loss to a pro-rata share of the statutory limitation of $500 per package prescribed by section 4(5).

Decree affirmed.

---

[6] Ibid. p. 70.

[7] Senate Report No. 742, 74th Cong. 1st Sess., May 13, 1935, p. 4.