**Ali A. TAMINI, Plaintiff–Appellee,**

**v.**

**SALEN DRY CARGO AB, et al., Defendants.**

**AHJIN SHIPPING CO., LTD., Defendant–Third Party Plaintiff–Appellant,**

**v.**

**EMPIRE UNITED STEVEDORING CORP., Third Party Defendant–Appellee.**

**No. 88–2518**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 13, 1989.

Gus A. Schill, Jr., Peter G. Myer, Royston, Rayzor, Vickery & Williams, Houston, Tex., for appellant.

Craig S. English, Peter Skoufalos, Chalos, English & Brown, New York City, for plaintiff-appellee.

G. Byron Sims, Houston, Tex., for Empire United Stevedoring.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The district court entered a summary judgment that the cargo damaged during the loading of a vessel was not a single package under the Carriage of Goods by Sea Act (COGSA).[1] We find that the issue could properly be decided in this fashion and affirm the judgment.

---

1. 46 U.S.C.App. § 1304(5).

## I.

Ali A. Tamini sought to transport a portable rotary drilling rig from Houston, Texas to Dammam, Saudi Arabia aboard the M/V Jewon, a cargo vessel chartered by Salen Dry Cargo AB and owned by Ahjin Shipping Company, Ltd. A Certificate of Origin, substituted for a bill of lading, described the cargo to be shipped:

| No. of Pkgs. | Description of Pkgs. & Goods | Gross Pounds |
|---|---|---|
| 1 | One unit ... Portable Rotary Drill, ... Complete | 62,795 |
| 11 bx | With Standard Fitting Accessories Tools and Optional Items | 43,075 |
| 12 pc | DT: | 105,870 |

In preparation for shipment, Tamini placed wooden crating around the portions of the drilling rig that contained the more vulnerable machinery and instrument panels. This wood sheathing covered only a minimal amount of the exterior of the drilling rig; most of it was fully exposed. The rig was free-standing, unattached to a skid or other device.

While loading the vessel, the stevedore company dropped a large piece of oil metering equipment on top of the drilling rig, causing damages of $172,557.32. The damaged rig was discharged from the ship; the eleven boxes of accessories, stored in a different location, were delivered unscathed to Saudi Arabia.

Invoking the district court's admiralty and maritime jurisdiction, Tamini sued Salen and Ahjin for damage to his rig. On summary judgment, the district court held that the rig was not a "package," and awarded Tamini $80,800 for the 161.6 customary freight units determined by its weight. Salen and Ahjin appeal, contending that whether the cargo was a "package" under COGSA turns on a genuine issue of material fact that cannot be adjudicated on summary judgment, and that even if the district court could make such a determination, it should have found that the cargo was a "package" and limited total recovery for its damage to $500.

## II.

Tamini's claim is governed by COGSA, which "covers the period from the time when the goods are loaded on to [a ship to] the time when they are discharged from the ship."[2] A carrier's liability under COGSA is set forth in 46 U.S.C.App. § 1304(5), which states in pertinent part:

Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package, ... or in case of goods not shipped in packages, per customary freight unit.

The amount of liability, therefore, turns on the factual determination that a certain piece of cargo is or is not a "package." The statute, however, does not provide any guidance in making this assessment.

None of the historical facts of this case is in dispute; Salen and Ahjin assert only that the court's inference from these historical facts—that the drilling rig is not a "package"—was a disputed issue of material fact that should have been submitted to a factfinder after full trial.

While it is axiomatic that "[i]n considering a motion for summary judgment, a court must ... draw every reasonable inference in favor of the party opposing the motion,"[3] in *Nunez v. Superior Oil Company*,[4] we stated:

If decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferenc-

---

**2.** 46 U.S.C.App. § 1301(e).

**3.** *Murphy v. Georgia–Pac. Corp.*, 628 F.2d 862, 866 (5th Cir.1980); *Penton v. Crown Zellerbach Corp.*, 699 F.2d 737, 741 (5th Cir.1983); *Hodges v. Exxon Corp.*, 727 F.2d 450, 452 (5th Cir.1984); *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985); *Harbor Ins. Co. v.*

*Trammell Crow Co., Inc.*, 854 F.2d 94, 98 (5th Cir.1988).

**4.** 572 F.2d 1119, 1123–24 (5th Cir.1978) (citations omitted); *Alabama Farm Bur. Mut. Cas. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609–610 (5th Cir.1979); *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980).

es to be drawn from what has been incontrovertibly proved. Under those circumstances, which may be rare, the judge who is also the trier of fact may be warranted in concluding that there was or was not [a package], ... even if that conclusion is deemed 'factual'.... The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial.

In this case, which would have been tried to the court because it was a suit in admiralty, there is no factual dispute that must be decided on the basis of the credibility of witnesses; the judge has heard the relevant testimony, read the appropriate affidavits, depositions, and stipulations, and seen the proffered exhibits. After evaluating these materials, the district judge was warranted in concluding that the drilling rig was not a "package":[5] the cargo was not enclosed in a container; the rig was for the most part fully exposed; no appurtenances or packaging were attached to facilitate its handling during transportation; and transportation charges for the drilling rig were calculated on a weight, not per package, basis. The Certificate of Origin, which denoted "1" in the column labeled "NO. OF PKGS.," is, of course, not determinative.[6]

Even though "the cases have gone both ways ... where the items shipped are partially packaged,"[7] to remand this case for decision after what would be called a full trial would be pointless: the same judge would consider the same evidence for a second time, and again reach the same inference from the same historical facts.

We spare the court, counsel, and clients that needless exercise.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

5. *Croft & Scully Co. v. M/V Skulptor Vuchetich,* 664 F.2d 1277, 1281 (5th Cir.1982). *See Allstate Ins. Co. v. Inversiones Navieras Imparca,* 646 F.2d 169, 172–73 (5th Cir.1981); *Mitsui & Co., Ltd. v. American Export Lines, Inc.,* 636 F.2d 807, 821–22 (2d Cir.1981); *Hayes–Leger Associates v. M/V Oriental Knight,* 765 F.2d 1076, 1080–81 (11th Cir.1985). *See also Binladen BSB Landscaping v. M.V. Nedlloyd Rotterdam,* 759 F.2d 1006 (2d Cir.), *cert. denied,* 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985); *Aluminios Pozuelo Ltd. v. S.S. Navigator,* 407 F.2d 152 (2d Cir.1968); *Waterman S.S. Corp. v. United States S.R. & M. Co.,* 155 F.2d 687, 693 (5th Cir.), *cert. denied,* 329 U.S. 761, 67 S.Ct. 115, 91 L.Ed. 656;

*Caterpillar Americas Co. v. S/S Sea Roads,* 231 F.Supp. 647, *aff'd* 364 F.2d 829 (5th Cir. (1966).

6. *Binladen BSB Landscaping,* 759 F.2d at 1016 n. 11; *Solar Turbines, Inc. v. S.S. "Al Shidadiah,"* 575 F.Supp. 939, 942 (S.D.N.Y.1983); *General Motors Corp. v. S.S. Mormacoak,* 327 F.Supp. 666, 668 (S.D.N.Y.), *aff'd on other grounds sub nom. General Motors v. Moore–McCormack Lines, Inc.,* 451 F.2d 24 (2d Cir.1971); *Middle East Agency, Inc. v. The John B. Waterman,* 86 F.Supp. 487, 490–91 (S.D.N.Y.1949).

7. *Aluminios Pozuelo,* 407 F.2d at 155; *Binladen BSB Landscaping,* 759 F.2d at 1012.