**AGGREKO, INC., Plaintiff,**

v.

**LEP INTERNATIONAL, LTD.,
et al., Defendants.**

Civ. A. No. H–89–3324.

United States District Court,
S.D. Texas.

Nov. 18, 1991.

Michael L. Jones, Dallas, Tex., for plaintiff.

Tobi A. Tabor, Houston, Tex., for defendant P & O Containers.

Huey P. Mitchell, Fort Worth, Tex., for defendant Hall.

## OPINION ON PACKAGE LIMITATION

HUGHES, District Judge.

### 1. *Introduction.*

Aggreko is suing LEP International and Cliff Hall & Company for damage to its diesel generator while the set was transported from Houston to La Porte, Texas. LEP International Ltd., the shipper, has been dismissed. Cliff Hall, the trucking company, asserts that its liability is only $500 because of the package limitation under the Carriage of Goods by Sea Act. Cargo like the diesel generator is not a package, and Aggreko may recover the full value of the damage to its goods.

### 2. *Background.*

Aggreko shipped a unitized electrical generator from Scotland to Houston. At the Port of Houston it was transferred from the vessel to Cliff Hall for delivery to a railhead in La Porte for rail transportation to Los Angeles.

While transporting the goods to La Porte, the trucker smashed the generator into an overpass when he drove under it with insufficient overhead clearance. The generator was about 35 feet long by 9 feet high and weighed 11.5 metric tons. It was assembled on a steel frame. There was enough space in the generator housing for people and the diesel engine, fuel supply, generator, controls, ventilation system, internal lights, and other electro-mechanical components. This permanent frame, including its attached housing, was the only container for the equipment. No other container was used for shipping the goods. It looked like a windowless trailer house.

### 3. *Issue.*

Does the Carriage of Goods by Sea Act package limitation apply to the generator?

### 4. *Discussion.*

Hall asserts that the generator is a single package under COGSA and that its liability is limited under the package limitation of $500. 46 U.S.C.A. § 1304. COGSA applies to the highway transportation because the bill of lading says that COGSA "shall govern before loading on or after discharge from the vessel and throughout the entire time the Goods ... are in the custody of the Carrier."

The purpose of the limitation of liability of the carrier to the shipper by a fixed amount per package is to require the shipper to request an increased liability limit and to pay a higher freight rate. In the absence of a declaration to the carrier, the carrier is allowed to presume that the cargo's value and the carrier's consequent exposure is not more than $500 per unit.

The act does not define package. The question is "whether the carrier had clear, unequivocal notice of the container's contents." *Croft & Scully Co. v. M.V. Skulptor Vuchetich*, 664 F.2d 1277, 1281 (5th Cir.1982). International uniformity is better achieved when "a container supplied by the carrier is not a COGSA package if its contents and the number of packages or units are disclosed." *Id.* at 1281. The generator was not within another enclosure, like cases of soda and stereo equipment in a container. *See e.g., Croft & Scully Co. v. M.V. Skulptor Vuchetich*, 664 F.2d 1277 (5th Cir.1982) (1755 cases of soft drinks inside a container are not a package under COGSA); *Allstate Insurance Company v. Inversiones Navieras Imparca*, 646 F.2d 169 (5th Cir.1981) (stereo receivers in cartons within a container are not a package under COGSA).

In all these cases the $500 limitation on damages did not apply.

 When a bill of lading discloses the contents of the container, COGSA's limitations do not apply. If goods are inside a crate and if the description of the contents is unclear, then the $500 limitation applies. *See, Koppers Company, Inc. v. S/S Defiance,* 704 F.2d 1309 (4th Cir.1983) (furnace in a crate was limited to $500 recovery because goods described as spare parts). When the nature and value of an object is readily apparent to a carrier so that the carrier has the opportunity knowledgeably to reject responsibility for the goods, the reason for the limit to the carrier's liability disappears.

 The generator is a large piece of equipment. Larger items, like drilling rigs and pleasure boats, are not packages under COGSA. *Tamini v. Salen Dry Cargo AB,* 866 F.2d 741 (5th Cir.1989); *Magnum Marine v. Kenosha Auto Transport Corporation,* 481 F.2d 933 (5th Cir.1973). When the bill of lading described the cargo as "one unit … Portable Rotary Drill, … Complete" with gross weight of 62,795 pounds, it was not a package. *Tamini v. Salen Dry Cargo AB,* 866 F.2d at 742. The drilling rig was exposed except for the minimal wood sheathing that was placed around the instrument panels and the more vulnerable equipment. "The rig was free standing, unattached to a skid or other device." *Id.* at 742. The court held "the drilling rig was not a 'package'; the cargo was not enclosed in a container; the rig was for the most part fully exposed; no appurtenances or packaging were attached to facilitate its handling during transportation; and transportation charges for the drilling rig were calculated on a weight, not per package, basis." *Id.* at 743.

In this case, the bill of lading described the generator as one "40–foot flat rack said to contain one piece diesel generating set." The bulky generator was not enclosed, the bill of lading described the set as a one-piece diesel generator set, and the transportation charges were calculated by weight, rather than by package. The generator rested on a frame to assist in its loading, but it was not concealed.

### 5. Conclusion.

Cliff Hall's liability is not limited to $500 under COGSA for a package. The set is not a package, and Aggreko will recover the full value of the damaged set.