**Lenggono HERI, Plaintiff,**

v.

**FRITZ COMPANIES, INC., Defendant.**

**No. 1:92–cv–2249–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 13, 1993.

Robert Joel Loewenthal, Glenn Loewenthal, Loewenthal Jackson & Brown, Atlanta, GA, for plaintiff.

Nolan B. Harmon, Harmon Smith Bridges & Wilbanks, Atlanta, GA, for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case comes before the Court on Defendant Fritz Companies, Inc.'s Motion in Limine [17–1]. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court GRANTS Defendant's Motion in Limine [17–1]. The Court FINDS: (1) that if the alleged damage occurred during the period when the furniture was loaded onto the vessel until the carrier completed unloading, COGSA applies and COGSA limits Defendant's liability to $500.00 per package; and (2) that if the alleged damage occurred after the unloading of the furniture, the Harter Act applies to the case at bar, and the Harter Act governs Defendant's alleged liability. The time period when the alleged damage to the furniture occurred is an issue to be determined at trial, as well as the number of package(s) sent by Plaintiff. The Court also FINDS that Plaintiff is entitled to a trial by jury.

## BACKGROUND

Plaintiff is the owner of a dining table and six chairs, specially ordered, which were to be shipped from Jakarta, Indonesia to Atlanta, Georgia on September 19, 1991. Shipment was arranged by Plaintiff's brother, who obtained a bill of lading from the Defendant, for the overseas carriage of the furniture. Defendant is a corporation registered to do business in Georgia and regularly conducts business in this State.

The Bill of Lading for the aforementioned contract for carriage was dated September 19, 1991. The furniture to be shipped arrived at the carrier in good condition. The shipment of furniture was to arrive in Atlanta, Georgia within thirty days from the date of shipment. After thirty days Plaintiff received no shipment of furniture.

In late October of 1991, Defendant notified Plaintiff that the shipment of furniture would arrive in Atlanta within seven days. When the shipment arrived, however, it contained only one of the seven pieces of furniture which Plaintiff shipped. Defendant then notified Plaintiff that the remaining pieces of furniture were lost. Plaintiff provided Defendant with an estimate of $ 20,690.00 for the replacement cost of the furniture. On December 29, 1991, the balance of the furniture shipment arrived in Atlanta. Plaintiff alleges that the furniture was severely damaged.

On January 7, 1992, Plaintiff submitted a claim for the damaged furniture to Defendant. Defendant denied liability and countered with an offer of $ 500.00. On June 25, 1992, Plaintiff again made a claim to Defendant for the damage to the furniture. On July 2, 1992, Defendant again rejected Plaintiff's claim and again countered with an offer of $ 500.00.

On October 28, 1993, Plaintiff filed an action in this Court pursuant to the Carriage of Goods by Sea Act, 46 U.S.C.App. § 1300 *et seq.* Plaintiff asks for damages in the amount of $ 20,690.00, the costs of this action, attorney's fees, and any other relief that the Court finds just and equitable.

## DISCUSSION

The central issue in dispute between the parties concerns whether the contractual terms set forth in the Bill of Lading limits Defendant's liability for any damage caused to Plaintiff's goods to $ 500 per package. In order to fully address this issue, the Court

will first identify the relevant provisions of the Bill of Lading, and then discuss the applicable law. The Court will then discuss whether Plaintiff is entitled to a jury trial on the remaining issues.

## I. *The Bill of Lading*

The terms and conditions for carriage of cargo by the carrier are contractually set forth in the Bill of Lading. Under the conditions listed on the back of the Bill of Lading, Defendant refers the shipper to the carrier's tariff:

> The terms of the Carrier's applicable tariff are incorporated herein. Copies of the relevant provisions of the applicable tariff are obtainable from the carrier or his agents upon request in case of inconsistency between this Bill of Lading and the applicable tariff this Bill of Lading shall prevail except as otherwise required by law.

Bill of Lading, § 2. The Bill of Lading discussed Defendant's liability at paragraph 8.4.1:

> Higher compensation for loss or damage to the Goods than the limit permitted by the legislation or rules and provisions applicable pursuant to Clauses 6 and 7 hereof (such limit in circumstances where the United States Carriage of Goods by Sea Act 1936 applies being $500 per package lawful money of the United States or in the case of goods not shipped in packages, per customer freight unit) may be claimed only when the value of the Goods, declared in writing by the shipper before shipment has been stated on the face of the Bill of Lading and extra freight paid as required by the applicable tariff in that case the amount of the declared value of the actual value ... if less than the declared value shall be substituted for such limit. Any partial loss or damage shall be adjusted pro-rata on the basis of such declared or actual value.

The Bill of Lading identified one package which contained "one sets (sic) of furniture" at a gross weight of 225.00 kilograms and a measurement of 2.5 cubic meters. At no place on the face of the Bill of Lading was a value of the furniture to be shipped identified or requested.

## II. *Carriage of Goods by Sea Act*

The Carriage of Goods by Sea Act, 46 U.S.C.App. § 1300, *et seq.* ("COGSA"), governs every bill of lading or similar document of title which is evidence of a contract "for carriage of goods by sea to or from ports of the United States in foreign trade." 46 U.S.C.App. § 1312. Both parties agree that COGSA governs the case at bar. *See,* Complaint, ¶ 2; Memorandum of Law in Support of Motion in Limine, pp. 4–5. The issue the Court must now decide is whether COGSA limits any potential liability of Defendant.

### A. *Limitations of Liability Under COGSA*

COGSA limits the liability of a carrier for damaged goods as follows:

> Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $ 500.00 per package lawful money of the United States, ... unless the nature and value of the such goods have been declared by the shipper before shipment and inserted in the bill of lading....

46 U.S.C.App. § 1304(5). Defendant maintains that the incorporation and reference of Section 1304(5) in the Bill of Lading limits his liability for the damaged goods to $ 500.00. Plaintiff, however, maintains that mere reference to COGSA without explicit insertion of its terms into the contract language is not sufficient to limit Defendant's liability to $ 500.00 per package.

 COGSA was clearly designed to protect the shipping industry. Accordingly, the burden rests on the shipper to declare a value of goods and pay a higher tariff if he wishes to have a higher liability on the part of the carrier. *Caterpillar Americas Co. v. S.S. Sea Roads,* 231 F.Supp. 647, 650 (S.D.Fla.1964), *aff'd,* 364 F.2d 829 (5th Cir. 1966). Where a shipper does not declare a higher value, Section 1304(5) limits the carrier's liability in the case of loss or damage to the goods to an amount not exceeding $ 500.00 per package. *Pan–Am Trade &*

*Credit Corp. v. The Campfire*, 156 F.2d 603, 604 n. 1 (2d Cir.1946), *cert. denied, Waterman S.S. Corp. v. Pan–American Trade & Credit Corp.*, 329 U.S. 774, 67 S.Ct. 194, 91 L.Ed. 666 (1946).

A carrier cannot limit its liability under COGSA unless the shipper is afforded a fair opportunity to declare a higher value and pay a corresponding higher rate. *Caterpillar, Inc. v. S.S. Enterprise*, 725 F.Supp. 1255, 1258 (S.D.Ga.1989) (citing *Brown & Root, Inc. v. M/V Peisander*, 648 F.2d 415, 424 (5th Cir.1981)). A shipper is deemed to have been provided with a fair opportunity to declare value in a bill of lading, if the bill of lading refers directly to the damage limitation of § 1304(5) of COGSA and to the published tariff which supplied the shipper with options that would increase the carrier's liability. *Id.*

### B. *Defendant's Liability Under COGSA*

The Court finds that Plaintiff had a fair opportunity to declare value by the bill of lading. The terms of the bill of lading included the requisite information. In addition, there is no requirement that a specific space be provided for the additional amount, *Brown & Root, Inc.*, 648 F.2d at 424; or for enlarged print when mentioning the limitations on liability. *Insurance Co. of North America v. M/V OCEAN LYNX*, 901 F.2d 934, 940 (11th Cir.1990), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991).

There is no indication on the face of the Bill of Lading that Plaintiff, or any agent representing him, ever declared a higher value for the furniture, or made any attempt to pay the corresponding higher rate listed under the tariff filed by Fritz Companies Inc. Accordingly, the Court FINDS: (1) that COGSA governs the contract from all points between loading the furniture at the port in Indonesia through the unloading of the furniture at the port in Los Angeles;[1] and (2) that COGSA limits Defendant's liability to $ 500.00 per package.[2]

### III. *The Harter Act*

COGSA clearly applies to the period from when the goods are loaded aboard the vessel until they are discharged. *Associated Metals & Minerals Corp. v. Etelae Suomin Laiva*, 671 F.Supp. 743 (M.D.Fla.1987), *aff'd*, 858 F.2d 674 (11th Cir.1988). Under COGSA, a clean bill of lading presents prima facie evidence that the carrier received the cargo in good condition. *Blasser Brothers, Inc. v. Northern Pan-american Line*, 628 F.2d 376, 381 (5th Cir.1980). Once the shipper has established a prima facie case under COGSA, the burden of proof shifts to the carrier to prove that the loss or damage falls within one of the COGSA exceptions or that the carrier exercised due diligence in preventing damage to the cargo. *Morris v. American Shipping Co.*, 748 F.2d 563, 566 (11th Cir.1984), *reh'g denied*, 753 F.2d 1087 (11th Cir.1985).

Plaintiff maintains that it is unclear where the damage to Plaintiff's furniture occurred and, therefore, the Harter Act, and not COGSA, may apply. The Harter Act, which was sharply curtailed by the enactment of the Carriage of Goods by Sea Act, still governs prior to loading and after discharge of cargo until proper delivery is made. *Morris*, 748 F.2d at 567; *Allied Chemical International Corp. v. Companhia de Navegacao Lloyd Brasileiro*, 775 F.2d 476 (2d Cir.1985), *cert. denied*, 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 903 (1986).

Because it is unclear when the damage to the furniture took place, the Court FINDS: (1) that if the alleged damage occurred during the period when the furniture was loaded onto the vessel until the carrier completed unloading, COGSA applies and COGSA limits Defendant's liability to $500.00 per package; and (2) that if the alleged damage occurred after the unloading of the furniture, the Harter Act applies to the case at bar, and the Harter Act governs Defendant's alleged liability. The time period when the alleged damage to the furniture occurred is an issue

---

**1.** By its terms, COGSA applies to the carrier only "in relation to the loading, handling, stowage, carriage, custody, care, and discharge of such goods." 46 U.S.C.App. § 1302.

**2.** *See Caterpillar, Inc. v. S.S. Enterprise*, 725 F.Supp. 1255, 1257 (S.D.Ga.1989) (discussing possible definitions of package under COGSA).

to be determined at trial, as well as the number of package(s) sent by Plaintiff.

## IV. *Right to Jury Trial*

The Court finds that the Pre-trial Order is a pleading, and that Plaintiff has endorsed his demand in the Pre-trial Order. Accordingly, Plaintiff has properly invoked his right to a jury trial under F.R.C.P. 38(b). The Court also finds that Plaintiff did not identify his claim as an admiralty or maritime claim as Defendant alleges. Therefore, Plaintiff is entitled to a trial by jury on the claims asserted.

### CONCLUSION

The Court GRANTS Defendant's Motion in Limine [17–1]. The Court FINDS: (1) that if the alleged damage occurred during the period when the furniture was loaded onto the vessel until the carrier completed unloading, COGSA applies and COGSA limits Defendant's liability to $500.00 per package; and (2) that if the alleged damage occurred after the unloading of the furniture, the Harter Act applies to the case at bar, and the Harter Act governs Defendant's alleged liability. The time period when the alleged damage to the furniture occurred is an issue to be determined at trial, as well as the number of package(s) sent by Plaintiff. The Court also FINDS that Plaintiff is entitled to a trial by jury.

So ORDERED.