**G.E. POWER SYSTEMS, INC.**

v.

**INDUSTRIAL MARITIME CARRIERS (BAHAMAS) INC., AS.**

**No. CIV. A. 99–0240.**

United States District Court, E.D. Louisiana.

April 3, 2000.

Machale Andrew Miller, Iliaura Hands, Miller & Williamson LLC, New Orleans, LA, for Plaintiff.

Jason P. Waguespack, Christina I. Sprecher, Michael J. Demar, Galloway, Johnson, Tompkins & Burr, New Orleans, LA, for Defendant.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Defendant Industrial Maritime Carriers (Bahamas), Inc., ("IMC"), has filed a motion for partial summary judgment on the issue whether the cargo owned by the plaintiff which was damaged during loading operations constitutes a "package" under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. app. § 1300, *et seq.*, and thus whether plaintiff's recovery is limited to $500.00 per package under COGSA and the applicable bill of lading. Plaintiff GE Power Systems, Inc. ("GEPS") opposes the motion.

On January 3, 1997, plaintiff GEPS and defendant IMC entered into a contract of affreightment for the carriage of GE's power plant equipment, including a gas turbine module, from one or more United States ports to Karachi, Pakistan. GEPS delivered the gas turbine module in question by rail car to the Columbus Street Terminal in Charleston, South Carolina, for loading aboard the M/V MIAMI. IMC was the time charterer of the M/V MIAMI. When the unit was being lifted for loading aboard the M/V MIAMI, two diffuser vanes at the exhaust end of the turbine were bent.

IMC issued GEPS a bill of lading with respect to the cargo. Under the column entitled "No. of Pkgs.", the number 1 was entered and under the column entitled "Description of Packages and Goods", the description "PC, Gas Turbine, 3–1" was entered. The weight of the turbine was 212.284 metric tons (212,284.8 kilograms), and the size of the turbine was 293.76 cubic meters. The actual freight charged for the transportation of the turbine was $42,595.20, which was calculated by multiplying $145 by 293.76 cubic meters. The gas turbine was roughly the size of a railroad car and it was not enclosed in a container, crate or box. The exhaust opening end of the turbine was covered with a poly cloth tarpaulin, scuffed over the trunnions, and duct tape was placed over the scuffing. Another tarpaulin covered the top. Much of the turbine was exposed and, as can be discerned from the photographs of the machinery, the tarpaulins did not in any fashion conceal the identity of the cargo being shipped. The turbine is enclosed in a steel casing and rests on a metal base, which are not separately attached or removed when the unit is placed into service for its end use. Lifting trunnions were bolted onto the steel housing of the turbine to assist in the movement of the unit, as it is large and heavy and must be moved by mechanical means.

Defendant IMC moves for summary judgment, seeking a determination that if plaintiff is entitled to any recovery, such recovery must be limited to $500.00 per package, as the turbine in question constitutes a package pursuant to COGSA, and its jurisprudential progeny. Plaintiff GEPS opposes this motion, contending that as a matter of law, the turbine is not a package within the meaning of the act.

Under COGSA, a carrier's liability is limited to $500.00 per package or customary freight unit, unless the shipper declares the value of the goods on the face of the bill of lading before shipment. COGSA delineates separate liability for carriers in circumstances when goods are shipped in packages than when goods are not shipped in packages. *Hartford Fire Ins. Co. v. Pacific Far East Line, Inc.*, 491 F.2d 960, 963 (9th Cir.1974). IMC contends that the very large, very heavy turbine is a "package" because in the printed column on the bill of lading, the number one is entered, the letters "PC" is typed on the bill of lading, along with the description "Gas Turbine", and lifting trunnions were attached to the turbine, and two tarpaulins were duct taped to the turbine to cover the parts most exposed to the elements.

While the courts attempting to fashion a definition for package have grappled with the definition of "package", they have consistently used common-sense in construing the term. The court in *Hartford*, 491 F.2d at 960, observed that in enacting COGSA, despite the technological advances adopted

in shipping, such as pallets and forklifts, "chose to retain the commonly used term 'package' in the statute, adding the alternative phrase 'goods not shipped in packages.'" *Id.* at 963. A review of the decisions cited by both plaintiff and defendant, as well as the photographs of the railcar-sized, 212.284 metric ton, 293.76 cubic meters turbine, convinces this Court that the object is not a package within the meaning of COGSA and the bill of lading, under the jurisprudential definition.

While the pre-printed form had a column with a space for listing the number of packages, that is not dispositive of the issue. While the number entered in this column may indicate the parties' intent in this regard, unless its "significance is plainly contradicted by contrary evidence of the parties' intent" or "the number refers to items that cannot qualify as 'packages.'" *Seguros "Illimani" S.A. v. M/V POPI P*, 929 F.2d 89, 94 (2nd Cir.1991). The typed letters "PC" do not necessarily indicate that the parties' intent that the gas turbine is a package, as these initials may stand for one "piece".[1] The Court finds particularly instructive the decision of *Aggreko, Inc. v. LEP International, Ltd.*, 780 F.Supp. 429 (S.D.Tex.1991), which holds that when the goods being shipped are packaged inside of a crate, the contents of which are not obvious, and if the description is not clear, the $ 500 limitation applies. However, "[w]hen the nature and value of an object is readily apparent to a carrier so that the carrier has the opportunity knowledgeably to reject responsibility for the goods, the reason for the limit to the carrier's liability disappears." 780 F.Supp. at 431. In *Aggreko*, the item being shipped was a generator, a large, bulky piece of equipment, and the transportation charges were calculated by weight, not by package. It rested on a frame to assist in its loading, but was not concealed. Under those circumstances, the court, relying on decisions involving drilling rigs and pleasure boats,

found that it was not a package. *Id.See also, Tamini v. Salen Dry Cargo AB*, 866 F.2d 741, 743 (5th Cir.1989).

This Court similarly finds that the very large, very bulky turbine, which was not contained in a package, box or crate, was covered only partially by two tarpaulins, which in no way concealed the turbine, and was not attached to a skid or pallet, and whose transportation charges were based upon volume, not by package, is not a package within the meaning of COGSA. The fact that it was equipped with lifting trunnions does not detract in any way from this Court's determination, as the size and weight of the item, the fact that it is not, and indeed likely could not, be enclosed in any sort of package or crate, was not concealed, and was shipped by volume rate, rather than by package rate, makes it abundantly clear that it is not a package.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of Industrial Maritime Carriers (Bahamas), Inc., for partial summary judgment be and is hereby **DENIED**.

---

1. The most commonly accepted abbreviation in this Court's experience for the word package is "pkg", and it is far more likely that the initials "pc" stand for "piece."