993 F.2d 790
 1994 A.M.C. 1210
 In re The Complaint of BELIZE TRADING, LTD. for Exoneration
from or Limitation of Liability as the Owner of
the M/V HYBUR TRADER, Petitioner-Appellee,
v.
SUN INSURANCE COMPANY OF NEW YORK, et al., Claimants,
El Pirata Del Caribe, S.A., Vianessa, Inc. and Tripoli
Importadora, C.A. f/u/b/o Insurance Company of
North America, Claimants-Appellants.
HERSHEY FOODS CORP., Rorer International Corp., Plaintiffs,
Vianessa, Inc., Tripoli Importadora, C.A., Plaintiffs-Appellants,
v.
HYBUR LIMITED, Defendant-Appellee.
In re The Complaint of BELIZE TRADING, LTD. for Exoneration
from or Limitation of Liability as the Owner of
the M/V HYBUR TRADER, Petitioner-Appellee,
v.
SUN INSURANCE COMPANY OF NEW YORK, et al., Claimants,
Vianessa, Inc. and Tripoli Importadora, C.A. f/u/b/o
Insurance Company of North America, Claimants-Appellants.
HERSHEY FOODS CORP., Rorer International Corp., Plaintiffs,
Vianessa, Inc., Tripoli Importadora, C.A., Plaintiffs-Appellants,
v.
HYBUR LIMITED, Defendant-Appellee.
 Nos. 91-5616, 91-5842.
 United States Court of Appeals,
Eleventh Circuit.
 June 21, 1993.
 
 Gerhardt A. Schreiber, Mary Lou Rodon-Alvarez, Schreiber, Rodon-Alvarez, P.A., Coral Gables, FL, for El Pirata del Caribe.
 William B. Cassidy, Miami, FL, for Vianessa, Inc.
 William R. Boeringer, Hayden & Milliken, P.A., Miami, FL, for Belize Trading, Ltd.
 Appeals from the United States District Court for the Southern District of Florida.
 Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and MORGAN, Senior Circuit Judge.
 TJOFLAT, Chief Judge:
 
 I.
 
 1
 In these consolidated appeals, two shippers, Precision Trading Corporation (Precision) and Vianessa, Inc. (Vianessa), arranged for a carrier, Belize Trading, Ltd. (Belize Trading), to transport cargo under bills of lading on board the vessel Hybur Trader from Miami, Florida to Belize. After packing and sealing the cargo in containers the carrier had provided, the shippers sent the containers to the carrier's dock in Miami and gave Belize Trading documents describing the containers' contents.[1] The parties understood that Belize Trading, in accordance with industry custom, would prepare and issue bills of lading upon stowing the shipments aboard the Hybur Trader. Belize Trading, however, did not issue the bills at that time; rather, it issued them after the Hybur Trader had left port and part of its cargo, including Vianessa's container and two of Precision's three containers, had been lost at sea during a hurricane.
 
 
 2
 Following the cargo loss, Belize Trading brought a proceeding in the United States District Court for the Southern District of Florida seeking exoneration from liability under 46 U.S.C. §§ 183-185 (1988). Precision's consignee, El Pirata del Caribe (El Pirata), and Vianessa appeared and counterclaimed for the value of the cargo they had lost. El Pirata sought $170,160.43 in damages, and Vianessa sought $38,000 in damages. In response, Belize Trading contended that the three containers involved in the loss were the relevant "packages" within the meaning of the $500 per package limit of liability provided under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1304(5) (1988), and asked the court to limit El Pirata's recovery to $1,000, and Vianessa's to $500. According to Belize Trading, the containers, rather than the cartons within the containers, should be treated as packages because the bills of lading, under the "Description of Packages and Goods," only indicated the number of containers, not the number of cartons.[2]
 
 
 3
 El Pirata and Vianessa asked the district court to disregard the bills' "Description of Packages and Goods," to interpret the bills as having described the number of cartons the shippers had disclosed to Belize Trading in the packing lists and invoices, and to treat the number of cartons as the number of COGSA packages. El Pirata and Vianessa would thus be entitled to recover up to $500 per carton, rather than $500 per container.
 
 
 4
 The district court refused to modify the bills of lading as El Pirata and Vianessa requested. In the court's view, the language Belize Trading had used to describe the packages and goods being shipped constituted a material part of a formal written agreement, and, as such, could not be substituted with the description of the goods appearing in the packing lists and invoices. The district court therefore held, at the conclusion of a bench trial, that Belize Trading's liability to El Pirata and Vianessa was limited to $500 per container, and entered judgment accordingly. Vianessa and El Pirata now appeal.
 
 
 5
 We conclude that the district court erred in finding that the descriptions of the packages and goods in the respective bills of lading control this dispute. As we explain below, the descriptions were merely the carrier's unilateral and self-serving statements of the shippers' cargos. Instead of these descriptions, COGSA required the carrier to indicate the number of cartons that made up the cargos as declared by the shippers in the packing lists and invoices they had furnished the carrier.
 
 II.
 
 6
 We need not tarry long in explaining why the descriptions of packages and goods Belize Trading inserted in the bills of lading do not control this dispute. First, the face of each bill states that neither the shipper nor the consignee is to be bound by any of the bill's provisions until the bill is accepted.[3] Here, neither the shippers nor their consignees accepted any of the bills; they could not have accepted them because they were given no opportunity to do so. Contrary to the district court's holding, therefore, the bills are not contracts.
 
 
 7
 Second, COGSA, which clearly applies in this case,[4] precluded Belize Trading from describing the cargos as it did. COGSA required Belize Trading to issue bills of lading after receiving the cargos showing, among other things, the number of cartons the shippers had indicated.[5] Here, Precision and Vianessa provided Belize Trading with invoices, and, in Precision's case, packing lists as well, that indicated the number of cartons placed in the containers. Had Belize Trading followed COGSA's dictates, there would be no room for dispute. We cannot allow Belize Trading to profit from its failure to adhere to the law. We therefore construe the bills of lading as having been issued in conformity with COGSA and as reflecting the number of packages the shippers indicated in packing lists and invoices to Belize Trading.[6]III.
 
 
 8
 For the foregoing reasons, we find that the district court erred in limiting Belize Trading's liability to $500 per container. Accordingly, we VACATE the district court's judgment and REMAND for further proceedings. On remand, the district court must determine the value of the cartons in the three lost containers, and assess Belize Trading's liability to El Pirata and Vianessa accordingly.
 
 
 9
 VACATED and REMANDED.
 
 
 
 [1]
 Precision gave Belize Trading a packing list for each of the three containers it shipped. The lists indicated the following:
 
 
 [1]
 40"foot container # INBU"4112440 containing 791 cartons,
 
 
 [1]
 40"foot container # CTIU"4843385 containing 384 cartons,
 
 
 [1]
 40"foot container # INAU"2914481 containing 755 cartons
 Precision also gave Belize Trading copies of the invoices it sent to its consignee. These invoices, the identifying numbers of which appeared on the packing lists, indicated the quantity, brands, model numbers, and prices of the items of cargo packed in the containers.
 Vianessa shipped its cargo in one container, and gave Belize copies of the invoices it sent to its consignee. The invoices indicated that the container had been packed with
 
 
 [30]
 cartons Silver Crown 14" color televisions,
 
 
 [25]
 cartons Silver Crown 19" color televisions,
 
 
 [80]
 cartons Silver Crown monos,
 
 
 [5]
 cartons Silver Crown stereos,
 
 
 [240]
 cartons Silver Crown 12" black and white televisions,
 
 
 [1]
 carton spare parts free of charge
 
 
 [2]
 According to the "Description of Packages and Goods" in Precision's bill of lading, on which El Pirata based its claim, the shipment consisted of "three forty-foot containers s.t.c. [said to contain] electronic equipment." According to Vianessa's bill of lading, the shipment consisted of "one twenty-foot container s.t.c. color television sets and radio cassette recorders."
 
 
 [3]
 This statement, which appears on each of the bills of lading, reads as follows: "IN ACCEPTING THIS BILL OF LADING the shipper, consignee and owner of the goods agree to be bound by all of its stipulations, exceptions, and conditions, whether written, printed or stamped on the front or back hereof, any local customs or privileges to the contrary notwithstanding."
 
 
 [4]
 COGSA applies to "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade." 46 U.S.C. § 1312 (1988). Such contracts are those that, as here, are "covered by a bill of lading or any similar document of title...." 46 U.S.C. § 1301(b) (1988)
 
 
 [5]
 Section 1303(3) of COGSA provides that
 [a]fter receiving the goods into his charge the carrier ... shall, on demand of the shipper, issue to the shipper a bill of lading showing among other things--
 ....
 (b) Either the number of packages or pieces, or the quantity or weight, as the case may be, as furnished in writing by the shipper.
 46 U.S.C. § 1303(3) (1988).
 
 
 [6]
 Hayes-Leger Associates, Inc. v. M/V Oriental Knight, 765 F.2d 1076 (11th Cir.1985), on which the district court relies, is not to the contrary. In that case, we held that a container is the "package" for purposes of applying COGSA's $500 limit of liability when the shipper and carrier agreed that the bill of lading would indicate only the number of containers, and not the number of packages, being shipped. That case, however, is inapposite to this controversy. In Hayes-Leger, the bill of lading reflected precisely what the shipper disclosed to the carrier. The issue before the court was whether, notwithstanding this disclosure, the container should be considered the "package" for limitation of liability purposes. Id. at 1080. The case at hand differs significantly. Here, the question is what the bills of lading should have described, given that Belize Trading failed to record the number of cartons the shippers' packing lists and invoices had disclosed to the carrier