832 So.2d 888 (2002)
MacCLENNY PRODUCTS, INC., and Bayer Clothing Group, each individually and for the use and benefit of the Indemnity Insurance Company of North America, Appellants,
v.
TROPICAL SHIPPING AND CONSTRUCTION CO., LTD., Appellee.
No. 4D01-4663.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
*889 Howard T. Sutter of Sullivan, Boyd & Goldsberry, P.A., Jacksonville, for appellants.
William R. Boeringer of Hayden & Milliken, P.A., Miami, for appellee.
WARNER, J.
Appellant, a clothing manufacturer, appeals the final summary judgment and trial court award of damages resulting from the destruction of three shipments of jackets aboard appellee's vessels. The parties disputed the extent of appellee's liability under the federal Carriage of Goods by Sea Act ("COGSA") which limits a carrier's liability to $500 per package. This case presents the question of what is the relevant "package" to which COGSA's limitation of liability should be applied. The trial court determined this issue by summary judgment. We hold that material issues of disputed fact remain and reverse.
For approximately ten years, appellee has shipped appellant's materials and merchandise between Florida and the Dominican Republic. Every week appellant ships materials to X-Cell Fashions ("X-Cell"), located in Santiago, for it to assemble the men's jackets; and every week X-Cell returns seven to twelve containers of assembled jackets to appellant in Florida. After assembling the jackets, X-Cell places each jacket on a hanger, wraps the jacket in plastic, and hangs the jacket in a forty-foot shipping container that appellee supplies to X-Cell. Appellee's forty-foot containers can carry between 4,500 and 5,000 jackets. Appellee has the loaded container transported from X-Cell's factory to the port in Puerta Plata where it is loaded on appellee's vessel and shipped to Florida. When appellee receives the loaded container, X-Cell provides appellee its shipping documents from which appellee completes a bill of lading. X-Cell usually does not receive a copy of the bill of lading until after the jackets have been shipped.
This action arose when the jackets were damaged by stowaways who hid in the container while on appellee's ship. Appellant filed a complaint for breach of contract seeking as damages the value of each destroyed jacket. In defense, appellee asserted that its liability was limited to $500 per "package" and that the forty-foot container was the "package" for purposes of the COGSA limitation.
In granting summary judgment, the trial court relied upon the shipping documents and the case of Fishman & Tobin, Inc. v. Tropical Shipping & Construction Co., 240 F.3d 956 (11th Cir.2001), involving the same parties and issue: what is the "package" which governs the extent of appellee's liability. The court concluded that the shipping documents in both cases were similar and not ambiguous. Therefore, because the documents did not clearly indicate more than one package was being shipped, it determined that the shipping container was the COGSA package and not the individual jackets.
The parties agree that COGSA, 46 U.S.C. section 1300, governs the resolution of the extent of appellee's liability. The pertinent section of the Act regarding a carrier's liability provides:
Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary *890 freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.
46 U.S.C. § 1304(5) (1997). The Act does not define "package," leaving this issue to be heavily litigated throughout the Federal circuits. In Fishman & Tobin, the Eleventh Circuit adopted the Second Circuit's definition of "package" as "a class of cargo, irrespective of size, shape or weight, to which some packaging preparation for transportation has been made which facilitates handling, which does not necessarily conceal or completely enclose the goods." 240 F.3d at 960 (quoting Aluminios Pozuelo, Ltd. v. S.S. Navigator, 407 F.2d 152, 155 (2nd Cir.1968)).
When determining the relevant package in Fishman, the court looked first to the parties' intent as evidenced in the bills of lading, particularly the section that provides the number of packages being shipped. See id. at 964; see also Hayes-Leger Assocs., Inc. v. M/V Oriental Knight, 765 F.2d 1076, 1080 (11th Cir. 1985) (establishing the guidelines to determine the parties' intent as to the applicable COGSA package):
[I]f a shipper places its packages of goods in a container furnished by the carrier and discloses the number of packages in the container to the carrier in the bill of lading or otherwise, each package or unit within the container constitutes one package for purposes of COGSA's five hundred dollar limitation of liability.
Hayes-Leger, 765 F.2d at 1080 (quoting Vegas v. Compania Anonima Venezolana De Navegacion, 720 F.2d 629, 630 (11th Cir.1983)). If, however, either the bills of lading or the shipper's invoice fails to place the carrier on notice of the number of packages the shipper intends to ship, then the Eleventh Circuit has derived two rules to apply to determine the applicable COGSA package:
(1) [W]hen a bill of lading discloses the number of COGSA packages in a container, the liability limitation of section 4(5) applies to those packages; but (2) when a bill of lading lists the number of containers as the number of packages, and fails to disclose the number of COGSA packages within each container, the liability limitation of section 4(5) applies to the containers themselves.
Id. (relying upon Binladen BSB Landscaping v. M.V. "Nedlloyd Rotterdam," 759 F.2d 1006, 1013-16 (2d Cir.1985) (citations omitted)); see also Mitsui & Co. Ltd. v. Am. Export Lines, Inc., 636 F.2d 807, 821 (2d Cir.1981) ("[G]enerally a container supplied by the carrier is not a COGSA package if its contents and the number of packages or units are disclosed.").
The Eleventh Circuit has further held that the number of packages declared must be clearly indicated in the number/quantity column in the bill of lading. If the bill of lading refers to both the container and "other units susceptible of being COGSA packages," then it is "inherently ambiguous." Fishman & Tobin, 240 F.3d at 964-65 (quoting Monica Textile Corp. v. S.S. Tana, 952 F.2d 636, 642 (2d Cir.1991)). Any ambiguities in the bill of lading are construed against the carrier, requiring the court to consider the shipper's documents where they are "the next most reliable source of information [and] should give some clear indication that more than one package is being shipped in order to claim multiple losses." Id. at 965.
Looking at the bill of lading and the shipping invoices, documents identical to the ones involved in this case, the Eleventh *891 Circuit determined that there were ambiguities and conflicts among this evidence. It determined, nevertheless, that appellant's own customs declaration form and "reembarque" form clearly indicated that only one package was being shipped. In this case, however, neither the "reembarque" nor the customs declaration forms were used. Instead, a Formulario form was used, which does not refer to the same terms as either the bill of lading or the invoice. Thus, there was no clear indication on appellant's part, as there was in Fishman, that the container was considered the package.
Indeed, here there was substantial evidence offered that contradicted the claim that the container was the package for the COGSA limitation. The bill of lading referred both to the container and the number of jackets shipped. Appellee admitted it completed them based upon the information contained in appellant's shipping invoices, which clearly indicated each jacket as a package. See id. at 964 (holding same based on identical shipping invoice). Knowing that appellant considered each jacket a package from appellant's shipping invoices, appellee's use of the term "units" in the bills of lading rather than "packages" could be considered a self-serving description. See Belize Trading v. Sun Ins. Co. of New York, 993 F.2d 790, 792 (11th Cir.1993). In fact, section 1303(3) of COGSA requires a carrier, after receiving a shipper's goods and upon the shipper's demand, to issue to the shipper a bill of lading indicating, inter alia, the number of packages or pieces, "as ... furnished in writing by the shipper." 46 U.S.C. § 1303(3) (1997) (emphasis added).
Finally, appellants offered other evidence of their ten year relationship and course of dealing that would support its contention that the individually wrapped jackets were applicable units for purposes of COGSA. As such, we conclude that there were material issues of fact. We therefore reverse the summary judgment and remand for further proceedings.
STEVENSON and TAYLOR, JJ., concur.