**ISLAND YACHTS, INC.**
Plaintiff,

v.

**FEDERAL PACIFIC LAKES LINE,**
Respondent.

No. 70 C 2832.

United States District Court,
N. D. Illinois, E. D.

May 28, 1971.

James K. Perrin, McKenna, Storer, Rowe, White & Haskell, Chicago, Ill., for plaintiff.

Daniel K. Schlorf, Bradley, Eaton, Jackman & McGovern, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Motion for Partial Summary Judgment
on Issue of Damages

This is an action in admiralty to recover damages in the amount of $13,915.55 for alleged damage to a forty-two foot cruiser shipped from Hong Kong to Detroit, Michigan, by defendant Federal Pacific Lakes Line (FPLL) to plaintiff Island Yachts, Inc. (Island). FPLL has moved to limit its liability, if any, to $500.00 pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(5).

For our purposes, the facts are not in dispute. The allegedly damaged cruiser was approximately forty-two feet long, fourteen feet wide, seventeen feet high, and weighed thirty-four thousand pounds. For $2,475.30 in charges, defendant agreed to carry the cruiser on deck aboard the M/S Heering Lotte from Hong Kong to Detroit, and issued a bill of lading H–Det 34, dated September 29, 1969, for the cruiser. A copy of the bill of lading is attached to and incorporated in the Complaint. Essentially, the plaintiff alleges that the cruiser was delivered in a damaged and deteriorated

condition, not in accordance with the terms of the bill of lading. Complaint, ¶¶ 3, 5.

Both sides acknowledge that the bill of lading incorporates the Carriage of Goods by Sea Act. The relevant section of that Act provides:

"Neither the carrier nor the ship shall . . . be . . . liable for any . . . damage to . . . goods . . . exceeding $500 per package . . . or in case of goods not shipped in packages, per customary freight unit, . . . unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading." 46 U.S.C. § 1304(5).

The question before the Court is whether the cargo described in the bill of lading, the cruiser, is a "package" or a "customary freight unit" or neither.

There is no statutory definition of "package" or "customary freight unit," and court decisions have been confusingly inconsistent. Aluminios Pozuelo Ltd. v. S. S. Navigator, 407 F.2d 152, 154–155 (2d Cir. 1968). In his fine analysis of the problem, Judge Moore in Aluminios stated that "it is obvious that the 'package' as a descriptive term, is quite out-moded and utterly meaningless." Id. at 154.

In Aluminios, the cargo was an eleven foot high, three-ton toggle press. Under the bill of lading headings "No. of Pkgs" and "Shipper's Description of Packages and Goods" the press was described as "One (1) Skid Machinery" of a particular weight in kilos and pounds. The Court concluded that the parties' contract specified that the press was "One (1)" package, that they "must be presumed to have understood" the consequences of applying a maritime word of art "to this Brobdingnagian package," and so "must abide by its meaning as a word of liability limitation." Id. at 156.

Judge Moore also stated:

"The meaning of 'package' which has evolved from the cases can . . .

be said to define a class of cargo, irrespective of size, shape or weight, to which some packaging preparation for transportation has been made which facilitates handling, but which does not necessarily conceal or completely enclose the goods." Id. at 155.

Since a skid was attached to the toggle press which primarily facilitated delivery and also protected the press, the Court had another basis for concluding that the cargo was a package. Id.

The instant case is quite analogous. On the bill of lading, under the headings "NUMBER OF PACKAGES" and "DESCRIPTION OF PACKAGES AND GOODS," the cargo is described as "1 SHIPPING CRADLE CONTAINING: ONE (1) 41'–10" CRUISER . . . . . TOTAL: ONE (1) UNIT ONLY." As in Aluminios, there is "some packaging preparation for transportation . . . which facilitates handling," i. e., the shipping cradle, and, also a description in the bill of lading of the cargo as a single unit, see Encyclopaedia Britannica, Inc. v. S. S. Hong Kong Producer, 422 F.2d 7, 20 (2d Cir.) (dissent); Standard Electrica, S. A. v. Hamburg Sudamerikanische Dampfschiffahrts-Gesellschaft, 375 F.2d 943, 946 (2d Cir. 1967). Consequently, we find that the cargo in this matter, a cruiser, is a package under 46 U.S.C. § 1304(5) and that defendant's liability, if any, is limited to the statutory amount of $500.00.

Now defendant has alternatively argued that if the cruiser were not considered to be a "package," then it was a "customary freight unit" under Section 1304(5). The latter phrase "refers to the unit upon which the charge for the freight is computed and not to the physical shipping unit." Caterpillar Americas Co. v. S. S. Sea Roads, 231 F.Supp. 647, 649 (S.D.Fla.1964), aff'd 364 F.2d 829 (5th Cir. 1966). On occasion, however, the unit for computing freight will, coincidentally, be the same as the shipping unit. See, e. g., India Supply

Mission v. S. S. Oversea Joyce, 246 F. Supp. 536, 539 (S.D.N.Y.1965) (a locomotive) ; Caterpillar Americas Co. v. S. S. Sea Roads, *supra*, 231 F.Supp. at 649 (a tractor) ; Freedman & Slater, Inc. v. M. V. Tofevo, 222 F.Supp. 964, 973 (S. D.N.Y.1963) (an automobile).

■ It is instructive that on the bill of lading under the column entitled "MEASUREMENT CUBIC FEET," the only information is "LENGTH 42'." In the section "FREIGHT AND CHARGES," no freight assessment is made in the areas allotted rates per cubic foot and per pound. Instead the length of the cruiser is inserted as is a lump sum charge of $2,460.00*. See, *Id.*, see also *Aluminios, supra*, 407 F.2d at 156. Thus, the bill of lading itself indicates that a per vehicle rate not a unit of poundage or cubic feet was used to calculate the freight charge. This conclusion is buttressed by an affidavit in support of defendant's motion which affidavit indicates that the freight rates used by defendant in the carriage of yachts from Hong Kong to Great Lakes ports in 1969 were the same as the contract rates established by the Hong Kong/East Canada Freight Conference. For yachts, sailing boats and pleasure crafts between forty-one and forty-two feet in length and under 35,000 pounds, the contract rate provided was $2,460.00. In short, the customary freight unit for a cruiser of the size shipped in this cause was the cruiser itself. See Pannell v. United States Lines Co., 263 F.2d 497, 499 (2d Cir. 1959) (Moore, J. concurring).

In conclusion, we grant defendant's motion for partial summary judgment on the issue of potential liability, finding that defendant's liability, if any, is limited to $500.00 for the one package shipped. If the result seems harsh, the shipper has the option of declaring the value of the goods shipped and paying a higher tariff and/or of seeking revision of the statutory limitation from Con-

gress. 46 U.S.C. § 1304(5) ; *Aluminios, supra*, 407 F.2d at 156; Caterpillar Americas Co. v. S. S. Sea Roads, *supra*, 231 F.Supp. at 650.

---

* The difference between this amount and the amount $2,475.30, noted earlier, is

attributable to sea way tolls calculated at $0.90 per 2,000 pounds.