**Marante FORWARDING, Plaintiff,**

v.

**C.A. NAVIERA DE TRANSPORTE y TURISMO, d/b/a Transytur Line and Transytur Line of Florida, Inc., Defendants.**

**No. 79–1917–CIV–EPS.**

United States District Court,
S. D. Florida,
Miami Division.

March 10, 1980.

Paul C. Hammerl, Miami, Fla., for plaintiff.

Richard F. Ralph, Miami, Fla., for defendants.

### ORDER AND OPINION

SPELLMAN, District Judge.

THIS CAUSE came on before the Court on Defendant's Motion for Partial Summary Judgment on limitation of liability pursuant to 46 U.S.C. § 1304(5):

Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package  .  .  . or in case of goods not shipped in packages, per customary freight unit,  .  .  . unless the nature and value of such goods have

been declared by the shipper before shipment and inserted in the bill of lading.

\* \* \* \* \* \*

By agreement between the carrier, master, or agent of the carrier, and the shipper another maximum amount than that mentioned in this paragraph may be fixed . . . . .

Plaintiff shipped, via defendant's vessel, air-conditioning equipment which was attached by bolts to a wooden skid. The description in the bill of lading was, "1 Huacal: equipo para aire acondicionado" (one crate: equipment for air conditioner). The unit sustained damages during shipment of $18,988.32.

The sole issue is whether the air conditioning equipment attached to wooden skids but not otherwise boxed or crated constituted a "package" under § 1304(5). Congress offered no explanations or guidelines for interpretation and there is little consistency among the cases. Those courts considering the issue have not set forth any workable standards for determination. It is undisputed that cargo fully boxed or crated constitutes a package under the Act, *Mitsubishi International Corp. v. S.S. Palmetto State*, 311 F.2d 382, 384 (2nd Cir. 1962); and that freestanding cargo in a "loose condition" is not shipped as a package. *Caterpillar Americas Co. v. S.S. Sea Roads*, 231 F.Supp. 647 (S.D.Fla.1964), aff'd, 364 F.2d 829 (5th Cir. 1966). The problem arises when goods are partially packaged but not completely enclosed. The Fifth Circuit has not yet considered this issue and cases in other jurisdictions have gone both ways.

The Second Circuit defined package as "a class of cargo, irrespective of size, shape or weight, to which some packaging preparation for transportation has been made which facilitates handling, but which does not necessarily conceal or completely enclose the goods," and held that a three-ton toggle press bolted to a skid constituted such a package. *Aluminios Pozuelo Ltd. v. S.S. Navigator*, 407 F.2d 152, 155 (2nd Cir. 1968). The Court found that the skid, "while to some extent protecting the machine, served primarily to facilitate deliv-

ery." *Id.* It pointed out that the shipper could have obtained full coverage by declaring the nature and value of the goods on the bill of lading and paying a higher fee if the carrier so required.

While not directly confronting the issue sub judice, the First Circuit denied limitation of liability for damages to a 1,000-pound press, finding that it was not a package within the meaning of § 1304(5) because it was shipped "unboxed, was not wrapped or crated, and did not have any type of shipping skids." *Hanover Insurance Co. v. Shulman Transport Enterprises, Inc.*, 581 F.2d 268, 275 (1st Cir. 1978). *See also* 311 F.2d at 384.

On the other hand, noting that if a transformer had been shipped completely free-standing it would not be considered a package under § 1304(5), the Ninth Circuit held that attachment to a heavy wooden skid could not "evolve" the transformer into such a package. *Hartford Fire Insurance Co. v. Pacific Far East Line, Inc.*, 491 F.2d 960, 965 (9th Cir. 1974). The Court said it would be unreasonable to hold that cargo becomes a package when it is attached to wooden skids. *Id.* This Court follows the rule in the Second Circuit that cargo attached to skids constitutes a package within the meaning of 42 U.S.C. § 1304(5), rather than the Ninth Circuit view that attachment to skids does not "evolve" the goods into a package.

In its efforts to protect the shipper, the Ninth Circuit seemed to ignore the option provided the shipper to protect its own interests by proper declaration on the bill of lading stating the nature and value of the goods. Through enacting the Carriage of Goods by Sea Act, Congress intended to insure that both the carrier and shipper are aware of their respective risks and that each is provided with an adequate opportunity to protect its interests without placing an undue burden on the other. *See Commonwealth Petrochemicals, Inc. v. S.S. Puerto Rico*, 455 F.Supp. 310, 318 (D.Md. 1978). Accordingly, the shipper bears the burden of declaring any excess valuation

and paying a higher tariff in order to avoid the $500 limitation. If the shipper does not wish to incur the added cost, it takes the risk that the goods may sustain over $500 in damages during shipment. Should the shipper lose this gamble, it cannot complain that the result is inequitable. *See also* 231 F.Supp. at 650.

In light of Plaintiff's adequate opportunity to obtain full coverage on the equipment, it is not unreasonable to limit liability to $500. Therefore, it is

ORDERED AND ADJUDGED that Defendant's Motion for Partial Summary Judgment be and the same is hereby GRANTED.