**TAIWAN POWER COMPANY, Plaintiff,**

**v.**

**M/V GEORGE WYTHE, etc., et al., Defendants.**

No. PCA 82–0649.

United States District Court, N.D. Florida.

June 14, 1983.

istration requirements. In other words, the Customs Service saw no lawful reason why it

Mary M. Ketchum, Tallahassee, Fla., John Eric Olson, Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiff.

Joseph M. Allen, Jr., Gregory C. Buffalow, Mobile, Ala., for defendants.

## MEMORANDUM DECISION

ARNOW, Senior District Judge.

In this case plaintiff seeks partial summary judgment. The sole issue, as such issue has been determined at pretrial conference, is whether the pressurizer involved in the shipment in this case was a package within the meaning of 46 U.S.C. § 1304(5).

The pertinent facts are undisputed—at hearing on the motion the parties stipulated to them.

Plaintiff seeks partial summary judgment to the effect that the pressurizer was not a "package" within the meaning of the law. Defendant contends the pressurizer was such a "package" so that plaintiff's motion for partial summary judgment should be denied with there being entered instead partial summary judgment in effect determining that the defendant's liability under the act for damage is limited to $500. If the pressurizer was not a "package", the damage would be based on customary freight units. Under the stipulation, the liability based on such units would be a maximum amount of $53,688. 46 U.S.C. § 1304(5) provides a maximum amount limitation of $500 per package or customary freight unit "unless the nature and value of such goods have been declared by shipper before shipment and inserted in the bill

could not admit the consignees' merchandise into the United States.

of lading". As the copy of the bill of lading attached to the stipulation shows, there was no insertion of such matter in the bill of lading. It is undisputed before the court that such was not done by the shipper.

The pressurizer was approximately 42½ feet long with a maximum diameter of approximately 10 feet. Its gross weight was 155,500 pounds.

Both for protection of the pressurizer during shipment and to facilitate its shipment the pressurizer was placed on three wooden saddles placed approximately 10 feet apart. The pressurizer was secured to the saddles by means of steel straps which were bolted to each end of the saddles and looped over the pressurizer.

From the stipulation:

The packaging took two or three days to prepare, the saddles were 12 to 18 inches square, the steel bands that were previously identified were approximately two inches in width, there was some form of padding under the steel bands, and there was also a disc on the bottom which was placed there in order to protect the heater unit. The disc was made out of steel plate. There was also a rubber based protective coating on the nozzle. Additionally, a considerable amount of reassembly was required at the other end, that is at the destination, and this reassembly was effected by adding to it the supply lines, all wiring and the instrumentation. Additional items of materials used on the pressurizer in preparing it for shipment were tie down hardware, end stops, toggles, and an item which Mr. Bolling stated was "trunions". The tie down hardware and trunions were utilized in order to secure the pressurizer to the rail car and later to the lash barge in which it was located.

Presented is a situation with no clear cut conclusion of law possible in the law's present state, insofar as this circuit is concerned. The authorities are split on the question.

A good summary is contained in *Marante v. Naviera,* 486 F.Supp. 636 (S.D.Fla. 1980) from page 637:

The sole issue is whether the air conditioning equipment attached to wooden skids but not otherwise boxed or crated constituted a "package" under § 1304(5). Congress offered no explanations or guidelines for interpretation and there is little consistency among the cases. Those courts considering the issue have not set forth any workable standards for determination. It is undisputed that cargo fully boxed or crated constitutes a package under the Act, *Mitsubishi International Corp. v. S.S. Palmetto State,* 311 F.2d 382, 384 (2nd Cir.1962); and that freestanding cargo in a "loose condition" is not shipped as a package. *Caterpillar Americas Co. v. S.S. Sea Roads,* 231 F.Supp. 647 (S.D.Fla.1964), aff'd, 364 F.2d 829 (5th Cir.1966). The problem arises when goods are partially packaged but not completely enclosed. The Fifth Circuit has not yet considered this issue and cases in other jurisdictions have gone both ways.

As the case points out, Second Circuit has held that a three ton toggle press bolted to a skid constituted such a package. *Aluminios Pozuelo Ltd. v. S.S. Navigator,* 407 F.2d 152 (2nd Cir.1968). Ninth Circuit has held that a transformer attached to a skid is not a package. *Hartford Fire Ins. Co. v. Pacific Far East Line, Inc.,* 491 F.2d 960 (9th Cir.1974).

Various other cases have agreed with either Second Circuit or Ninth Circuit. In Florida one district court has agreed with Second Circuit. *Marante supra.* On the other hand, another district court would apparently follow Ninth Circuit. In *Malloy v. Oregon Rainbow,* 1980 A.M.C. 2183 (M.D.Fla.1980), the case involved a yacht placed on a cradle for shipment. While skidding apparently was not involved the court agreed with Ninth Circuit that cargo is a package within the meaning of the statute only where the mode of packaging conceals the identity of the goods being shipped.

In *Caterpillar v. Sea Roads*, 231 F.Supp. 647 (S.D.Fla.1964), Judge Fulton concluded the tractor involved in that case was not a package. He pointed out that it was delivered in a "loose" condition and explained by saying that it was in a "loose" condition because it was not boxed, crated or put on skids. His position in this case, including his handling of other points involved, was affirmed in a per curiam decision by Fifth Circuit. *Caterpillar v. Sea Roads*, 364 F.2d 829 (5th Cir.1966). There is at least some inference in the case that, had the tractor been skidded, it would have been held to be a package.

One factor discussed in some of the cases is the characterization given by the parties to the matter involved. In this case the bill of lading does refer to this shipment as being "1 package: pressurizer:".

Plaintiff, pointing out that the parties may not, by bill of lading, define the word "package" in a manner repugnant to the act, contend the party's designation of equipment as a package must be disregarded because, under this act, this pressurizer could not have been a package.

As pointed out in cases cited in *Aluminios, supra,* cargo has been held to be "packages" regardless of size. Nor was this equipment shipped in "loose" condition.

It was packaged in the sense that it was prepared for shipping both to protect it and to facilitate its shipment.* There is not presented binding precedent in this circuit to the effect it was not a "package."

To this court, under an admittedly unclear act and admittedly divergent judicial decisions on the meaning of the act, this could have been a "package". The parties here involved, dealing with shipping, at the least should have known that there was question whether the piece of equipment here involved was a package within the meaning of the act and their characterization of it as a package should be given considerable weight.

It is concluded the pressurizer was a package within the meaning of 46 U.S.C. § 1304(5).

Under the conclusion reached, the $500 limitation applies to equipment worth a great deal more money than that and which presumably was damaged very much in excess of that figure. Yet such does not in reality involve a harsh result. The following language contained in *Aluminios* is appropriate here:

If shippers find the $500 per package limitation outdated because of inflationary trends and technological developments, the statute provides that they can obtain at their option full coverage merely by declaring the nature and value of the goods in the bill of lading and, where necessary, by paying a higher tariff. On the other hand, if they are reluctant to pay the higher charge and chose instead to gamble on safe delivery, they cannot argue later that the statute is inequitable. Moreover, any revision must come from Congress and not from the Court. *Standard Electrica [v. Hamburg Sudamerikanische Dampfschiffahrts-Gesellschaft], supra, .* 375 F.2d [943] pp. 946–947.

There is here involved no genuine issue respecting any material fact.

Plaintiff's motion for partial summary judgment should be and will be denied. Instead, partial summary judgment will be entered in favor of defendant Waterman Steamship Corporation determining as a matter of law that the maximum amount of recoverable damages, if any, are limited to $500.

Order and judgment in accordance with the foregoing will be entered.

---

* At least in dicta, Fifth Circuit, in precedent binding on Eleventh Circuit, has held the mere fact that an item is not "fully enclosed" would not preclude a finding it was not a package. *Calmaquip v. West Coast Carriers,* 650 F.2d 633 (5th Cir.1981).